IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TYNEL DESHANE STEWARD,

    Plaintiff,

v.        Civ. 13-1073 WJ/GBW

EMERALD CORRECTIONAL MANAGEMENT,
LLC,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Defendant Emerald Correctional Management, LLC's Motion to Dismiss Plaintiff's Complaint and subsequent briefing. *See docs. 11, 12, 13, 15, 16, 17, 19, 20, 21*. Having reviewed the Motion and applicable law, I recommend that the Court grant the Motion for the following reasons.

**I.  BACKGROUND**

Plaintiff, currently incarcerated and proceeding *pro se*, brings this action under 42 U.S.C. § 1983, alleging a variety of constitutional violations including inhumane treatment, racial discrimination, and retaliation for seeking to exercise his First, Fifth, Sixth, and Fourteenth Amendment rights while incarcerated at the Lincoln County Detention Center. *Docs. 10, 12*. Lincoln County Detention Center is run by Defendant Emerald Correctional Management, LLC (Emerald). *Doc. 11 at 1*. Plaintiff initially filed his Complaint in state Court, naming only Defendant Emerald as a defendant to the

action. Defendant Emerald removed the action on November 1, 2013 (*doc. 1*), and then filed a stipulated Motion for More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e) (*doc. 4*). In apparent response, Plaintiff filed an amended Complaint on November 19, 2013, in which he added ten individual Defendants, each of whom are employed by Defendant Emerald. *Doc. 10.*

On November 26, 2013, Defendant Emerald filed a motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Doc. 11.* Plaintiff filed a responsive brief on December 5, 2013 (*doc. 12*), to which Defendant Emerald replied on December 13, 2013 (*doc. 13*). Plaintiff filed a second responsive brief to the Motion to Dismiss on December 19, 2013 (*doc. 15*), which Defendant Emerald moved the Court to strike on January 3, 2014 (*doc. 17*). Plaintiff responded to the Motion to Strike on January 2, 2014 (*doc. 16*), and Defendant replied on January 3, 2014 (*doc. 18*).[1] In addition, Plaintiff has filed a motion for production, seeking discovery from Defendant Emerald, including insurance documentation and management policies. *Doc. 19*. Defendants responded to this motion on January 15, 2014 (*doc. 20*), and Plaintiff replied on January 22, 2014 (*doc. 21*).

---

[1] I am aware that the responsive pleading apparently predates the initiating motion. There is no explanation for this aberration in the docket, nor have the parties provided an explanation as to how this out of order pleading occurred. However, a review of the documents does indicate that Plaintiff was intending to respond to Defendant Emerald's motion to strike. Further, in spite of the styling of Plaintiff's responsive briefing in Document 16 as a "motion" and Defendant's reply in Document 18 as a "response" to Plaintiff's "motion," these documents are clearly meant to serve as response and reply to Defendant Emerald's Motion to Strike, and I will treat them as such.

**II.     STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which the court can grant relief.  When ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations in the complaint and must view them in the light most favorable to the nonmoving party. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Id*.

To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations,  a complaint does not "suffice if it tenders naked

assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal alterations, citations, and quotations omitted); *see also Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010). The court is not required to accept conclusions of law or the asserted application of law to the alleged facts. *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994).

When evaluating the pleadings of a party proceeding *pro se*, a court must liberally construe them and should hold them to a less stringent standard than would be applied to the pleadings of a represented party. *Hall v. Bellmon*, 935 F.3d 1106, 1110 (10th Cir. 1991). A court is not required, however, to assume the role of advocate for the *pro se* litigant. *DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993) ("Pro se litigants are subject to the same rules of procedure that govern other litigants."). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall*, 935 F.3d at 1110 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir.1989)).

### III. ANALYSIS

#### A. Plaintiff's Amended Complaint Should be the Operative Complaint

As an initial matter, I will address Defendant Emerald's contention that Plaintiff was not entitled to file his amended complaint. Defendant Emerald argues that Plaintiff should not be permitted to file an amended Complaint in federal court for two reasons: first, because Plaintiff filed several amended complaints in the state action prior to its

removal to federal court, and second, because this Court did not authorize Plaintiff to file an amended Complaint in the instant action. *Doc. 11* at 2, 3. I disagree.

Under Tenth Circuit precedent, Plaintiff retains the right to amend his complaint once as a matter of course under the Federal Rules of Civil Procedure even if his action was removed to federal court rather than originally filed there. *American Bush v. City of South Salt Lake*, 42 F. App'x 308, 310 (10th Cir. 2002) ("the removal petition did not serve to cut off plaintiffs' right to amend their complaint once as a matter of course"). The fact that Plaintiff amended his state court complaint several times is irrelevant to this proceeding. Federal Rule of Civil Procedure 15 governs the amendment of pleadings in federal court. Under Rule 15(a)(1)(B), a party may amend a pleading as a matter of course "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading **or 21 days after service of a motion under Rule 12(b), (e), or (f)**, whichever is earlier." (Emphasis added). Defendant Emerald filed its Motion for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e) on November 8, 2013. *Doc. 4.* Eleven days later, on November 19, 2013, Plaintiff filed his amended Complaint. *Doc. 10.* Plaintiff was therefore within the time limit set by Rule 15 and was entitled to amend his Complaint once as a matter of course. Plaintiff's amended Complaint should be treated as the operative complaint in this action.

### B.     Plaintiff's Unpermitted Surreply Should be Stricken

As discussed above, six days after the completion of briefing on Defendant Emerald's Motion to Dismiss (*see doc. 14*), Plaintiff filed a second responsive briefing to Defendant's Motion, styled as a "response" but in substance constituting a surreply to Defendant's reply brief for the Motion to Dismiss.  *See doc. 15.*  District of New Mexico Local Civil Rule 7.4(b) states that no surreply will be filed without leave of the Court.  D.N.M.LR-Civ. 7.4(b).  Plaintiff did not seek leave from the Court, and *pro se* parties are held to the same procedural requirements as represented parties.  *See DiCesare,* 12 F.3d at 979.  Defendant's Motion to Strike Plaintiff's "response" (*doc. 17*) will be granted and Plaintiff's briefing (*doc. 15*) stricken.

### C.     Defendant Emerald Should be Dismissed from this Action

Defendant Emerald contends that Plaintiff has failed to state a claim on which relief can be granted against it because all Plaintiff's causes of action proceed pursuant to 42 U.S.C. § 1983 and Plaintiff has failed to plead anything other than impermissible claims of *respondeat superior* liability against Defendant Emerald.  Doc. 11 at 3-4.  I agree.

While Plaintiff names Defendant Emerald as a defendant in this action in his Complaint, Plaintiff makes no allegations against Defendant Emerald, but explains that he named it as a Defendant because the other Defendants are employed by Emerald and "it is to my understanding and figuring that since all the Individual Defendants work under Emerald Correctional Management LCC that my claims would be directed

6

at Emerald Correctional Management." *Doc. 12* at 1.  This statement against the Defendant Emerald does not affirmatively link it to the asserted violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  To succeed on a complaint under § 1983, a plaintiff must allege some personal involvement by a defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  A civil rights action against a supervisory entity may not be based solely on a theory of *respondeat superior* liability for the actions of employees.  *Id.*  The Court should dismiss Plaintiff's claims against Defendant Emerald.

IV.  **CONCLUSION**

For the forgoing reasons, I find that the Court should treat Plaintiff's Amended Complaint (*doc. 10*) as the operative Complaint in this action.  Plaintiff's unpermitted surreply to Defendant Emerald's Motion to Dismiss (*doc. 15*) should be stricken from the docket. Defendant Emerald's Motion to Dismiss (*doc. 11*) should be GRANTED and Defendant Emerald dismissed without prejudice from this action.  Finally, because Plaintiff's Motion for Production (*doc. 19*) is addressed solely to Defendant Emerald, it is denied as MOOT.

_____
UNITED STATES MAGISTRATE JUDGE

7

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**