IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TYNEL STEWARD,

    Plaintiff,

v.                                          Case No. 13-cv-1073 WJ/GBW

ARTHUR ANDERSON, *Administration/Warden*,
and MARIO LUCERO, *Lieutenant*,

    Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court on Defendants' Objections (*doc. 56*) to the Magistrate Judge's Proposed Findings and Recommended Disposition (*doc. 55*). Having reviewed the relevant filings and the applicable law, and being otherwise fully advised, I find Defendants' Objections to be meritless. I will therefore overrule the Objections and adopt the PFRD.

**I.**     **BACKGROUND**

Plaintiff is suing Defendants under 42 U.S.C. § 1983 for alleged constitutional violations relating to his treatment at the Lincoln County Detention Center, in particular his confinement in segregation on multiple occasions. *Doc. 10.* On June 27, 2014, Defendants Anderson and Lucero, the sole remaining Defendants, filed a Motion to Dismiss Plaintiff's Amended Complaint (*doc. 34*). After briefing on the matter was completed, the Magistrate Judge entered his Proposed Findings and Recommended

1

Disposition (PFRD) on January 12, 2015, recommending that the Court grant Defendants' Motion to Dismiss Plaintiff's Amended Complaint. *Doc. 55.* The Magistrate Judge further recommend that the Court grant Defendants' Motion to Strike Plaintiff's Second Amended Complaint (*doc. 49*), deny Plaintiff's Motion for Protective Order (*doc.45*), and deny as moot Plaintiff's Motion for Leave to Proceed *in forma pauperis* (*doc. 48*). Plaintiff filed objections to the PFRD on January 22, 2015. *Doc. 56.*

## II. STANDARD OF REVIEW

After a party objects to the magistrate judge's proposed findings and recommendations, the Court "shall make a de novo determination of those portions . . . to which objection is made." 28 U.S.C. § 636(b). Objections must be made with specificity; general or conclusory objections are insufficient. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060-61 (10th Cir. 1996). "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

## III. ANALYSIS

### A. Plaintiff's Second Amended Complaint and Motion for Leave to Proceed *in forma pauperis*

Plaintiff's objections first note that the Second Amended Complaint (*doc. 47*) and Motion for Leave to Proceed *in forma pauperis* (*doc. 48*) "were not to be filed under the above said cause no. 2:13-cv-01073 WJ/GBW." *Doc. 56* at 1. Given Plaintiff's representations that these filings were intended to be part of a different lawsuit, he does

not appear to contest the recommendation to strike his Second Amended Complaint in the instant case, or to deny his Motion to Proceed *in forma pauperis*. I will therefore adopt the Magistrate Judge's recommendations on these matters. Accordingly, Defendants' Motion to Strike (*doc. 49*) Plaintiff's Second Amended Complaint (*doc. 47*) is GRANTED and Plaintiff's Motion to Proceed *in forma pauperis* (*doc. 48*) is DENIED AS MOOT.

### B. **Defendants' Motion to Dismiss**

As an initial matter, "Plaintiff does not oppose dismissing Mario Lucero as a defendant." *Doc. 56* at 3. Accordingly, the Magistrate Judge's recommendation with respect to Defendant Lucero is adopted and the Motion to Dismiss is GRANTED as to him.

In light of Defendant Lucero's dismissal, the remaining claims to be addressed are against Defendant Anderson for cruel and unusual punishment, violation of Plaintiff's right to procedural due process, and violation of his right to equal protection. *See doc. 10*.

1. *Plaintiff's Complaint fails to state a cruel and unusual punishment claim against Defendant Anderson.*

The Magistrate Judge recommended finding that Plaintiff had not alleged sufficient facts to find that alleged conditions deprived Plaintiff of a minimal civilized necessity as required to demonstrate cruel and unusual punishment. *Doc. 55* at 9-12. Plaintiff's objections state that "Warden Arthur Anderson deliberately went outside [prison] policy to use the segregation unit as a way to inflict cruel and unusual

3

punishment on me." *Doc. 56* at 1. Other than this conclusory allegation, Plaintiff's objections do not in any way elaborate on how his Complaint demonstrates a deprivation of a minimal civilized necessity. *See doc. 56*. Accordingly, I adopt the Magistrate Judge's recommendation and GRANT the Motion to Dismiss with respect to this claim against Defendant Anderson.

> 2. *Plaintiff's Complaint fails to state a procedural due process claim against Defendant Anderson.*

The Magistrate Judge next recommended finding that Plaintiff had not alleged sufficient facts in his Complaint to demonstrate that he suffered an atypical and significant hardship as a result of the single incident of confinement involving Defendant Anderson. *Doc. 55* at 14-19. Plaintiff's Complaint alleged that Defendant Anderson was responsible for Plaintiff's placement in segregation for 102 days. *Doc. 10* at 4. The Magistrate Judge found that the length of Plaintiff's segregation, the legitimate penological interest of disciplining or protecting Plaintiff, the conditions of confinement (which mirrored that of protective custody), and the fact that Plaintiff's overall confinement had not increased all weighed against finding his segregation to be atypical or significant. *Doc. 55* at 14-19 (applying, *inter alia*, the factors set forth in *Estate of DiMarco v. Wyo. Dep't of Corr., Div. of Prisons*, 473 F.3d 1334, 1339 (10th Cir. 2007)). On the other hand, the Magistrate Judge did find that the indeterminacy of Plaintiff's placement in segregation "may" weigh in Plaintiff's favor. *Id.* at 19. Having weighed all these factors, the Magistrate Judge concluded that Plaintiff's confinement did not impose

4

an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 14 (quoting *Sandin*, 515 U.S. at 484)).

Plaintiff's objections on this matter are difficult to discern, but could be construed as attacking the Magistrate Judge's findings with respect to the penological interest served by placing him in segregation and the conditions of segregation. *See generally doc. 56*. As best this Court can tell, Plaintiff appears to allege that he was put in segregation by Defendant Anderson for disciplinary reasons although he had done nothing wrong, and that the real reason for Defendant Anderson's actions was racial prejudice. *See generally doc. 56*.

Plaintiff asserts that his being "a target is what constitutes constitutional violations," and that he is "a target due to the color of his skin." *Id.* at 2. He also states in his objections for the very first time that he has "a recorded history of post tramatic [sic] stress syndrome for depression," which, he argues, "should support a finding that my deprivations were atypical and significant hardships exspecially [sic] because my segregation was deliberate with the intent to subject me to severe emotional distress (torment). One day of Intentional unjustified segregation meant to harass anyone should be considered atypical and significant." *Doc. 56* at 2. His statements that he was targeted and harassed because of his race, however, are unsupported conclusory allegations, and may therefore be disregarded. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Moreover, his assertion that he is always segregated for longer period of times than

5

other inmates that were placed in segregation for the same reasons does nothing to support his allegation of race discrimination because he does not identify the races of these other inmates. *Doc. 56* at 2. Consequently, Plaintiff's allegations do not establish that he was placed in segregation for an improper purpose, i.e. racial prejudice, which would be unrelated to a legitimate penological interest.

Furthermore, his objections do not illuminate any meaningful distinction between protective custody and disciplinary segregation, both of which are part of the ordinary incidents of prison life. Plaintiff's objections concerning the conditions of each state only that the protective custody unit is Bravo unit and is not "lock down," whereas the segregation unit is Echo unit. *Doc. 56* at 1. It also appears undisputed that Plaintiff was, at some point, placed in segregation for protective custody purposes. *Id.* In addition to failing to elaborate on any differences in the conditions of each unit, his assertion that "protective custody Inmates in seg, were Inmates that wanted to be there" seems to indicate that the conditions are indeed similar, if not the same. *Id.* The absence of any clear distinction weighs heavily against finding a deprivation causing an atypical and significant hardship. *See Sandin*, 515 U.S. at 486 (holding "discipline in segregated confinement did not present the type of atypical, significant deprivation" where, among other things, disciplinary segregation "with insignificant exceptions, mirrored those conditions imposed upon inmates in administrative segregation and protective custody."). Accordingly, I concur in the Magistrate Judge's weighing of these factors.

6

Given that I concur in the Magistrate Judge's assessment of the *DiMarco* factors for determining whether Plaintiff suffered an atypical and significant hardship, and that I do not believe Plaintiff's objections overcome this assessment, I adopt the Magistrate's findings and GRANT the Motion to Dismiss with respect to Defendant Anderson.

> 3. *Plaintiff's Complaint fails to state an equal protection claim against Defendant Anderson.*

The Magistrate Judge found that Plaintiff's Complaint failed to allege facts demonstrating Defendant Anderson engaged in, or was responsible for, conduct violating Plaintiff's equal protection rights.  *Doc. 55* at 19-22.  Plaintiff's objection clarified that his equal protection claim was based on Defendant Anderson's confining him in segregation and not on the actions of any other officers.  *Doc. 56* at 1.  Under this construction, his allegations still fail to plausibly state a claim for alleged race-based discrimination for the same reasons outlined in the preceding section: his averments are factually unsupported, conclusory allegations that fail to plausibly establish race-based discrimination.  *See Iqbal*, 556 U.S. 680-84.  Plaintiff's objections as to this claim are therefore overruled.

### C. **Plaintiff's Motion for Protective Order**

The Magistrate Judge recommended denying Plaintiff's Motion for Protective Order on the grounds that Plaintiff would not likely succeed on the claims outlined in his Complaint.  The Motion sought "an order for protection against . . . Defendant,

Arthur Anderson, for his willful and wanton misconduct against the Plaintiff, Tynel Steward . . . ." *Doc. 45.*

Plaintiff's objections assert that "[t]he [motion for] protection order (*Doc. 45*) shows Defendant Arthur Anderson[']s actions against [him] for the past 2 and 1/2 years are malicious, as it exhibits a pattern of willingness to intentionally cause my person severe emotional distress by way of the deprivation segregation unit." Doc. 56 at 1. Neither the Motion nor the objections, however, overcome the deficiencies identified in Plaintiff's Complaint.  In light of these deficiencies, and given that the Court is adopting the Magistrate's recommendation to grant Defendants' Motion to Dismiss, Plaintiff is not entitled to a preliminary injunction because he cannot demonstrate a likelihood of success on the merits.  *General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).  I therefore adopt the Magistrate Judge's recommendation and DENY Plaintiff's Motion for Protective Order (*doc. 45*).

IV. **CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Objections (*doc. 56*) are OVERRULED and the Magistrate Judge's Proposed Findings and Recommended Disposition (*doc. 55*) is ADOPTED.  Plaintiff's remaining claims against Defendants Lucero and Anderson are hereby DISMISSED without prejudice.

_____
UNITED STATES DISTRICT JUDGE